IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FLATFROG LABORATORIES, AB, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:23-CV-0306-JRG-RSP |
| § | |
| CHEMTRONICS CO., LTD., § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Stay Pending *Inter Partes* Review. (**Dkt. No. 69**.) For the reasons provided below, Defendant's Motion is **DENIED**.

**I.  BACKGROUND**

Plaintiff FlatFrog and Defendant Chemtronics are both manufacturers of large touch screens that Plaintiff contends are covered by the Asserted Patents. (Opp. at 3-4.) The parties both manufacture these screens for Samsung to integrate into Samsung's own products. (*Id*.) Plaintiff contends that over the period from 2021 to 2023 Defendant has largely overtaken Plaintiff in providing the touch screens to Samsung, whereas Plaintiff previously held a dominant position. (*Id*.)

On April 22, 2024, the PTAB instituted IPRs against all three asserted patents, covering all asserted claims. (Mot. at 1.) This puts Final Written Decisions expected around April 2025, the same month as trial is scheduled in the instant case. (*Id*. at 1.)

**II.  LEGAL STANDARD**

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL,

2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Personal Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

### III. ANALYSIS

#### a. Stage of the Case Proceedings

Defendant argues that the case is still at an early stage and much of the work of this litigation is still ahead. (Mot. at 9-10.) Defendant notes fact discovery is not closed, claim construction is set for October 2024 and dispositive motions are not due until December 2024. (*Id*. at 10.) Defendant contends a stay at this stage would conserve both party and judicial resources. (*Id*.)

"Usually, the Court evaluates the stage of the case as of the time the motion was filed." *Peloton Interactive*, 2019 WL 3826051, at *5 (quoting *Papst Licensing GMBH & Co., KG v. Apple, Inc.*, 6:15-cv-1095-RWS, slip op. at 7 (E.D. Tex. June 16, 2017)) (citing *VirtualAgility*, 759 F.3d at 1317). The Motion was filed and now decided quite early in the case with all IPRs instituted well in advance of trial, as such this factor weighs in favor of a stay.

#### b. Issue Simplification

Whether a stay "will result in simplification of the issues before a court is viewed as the most important factor when evaluating a motion to stay." *Uniloc USA*, 2017 WL 2899690, at *3 (citing

*Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG, 2016 WL 7634422, at *2 (E.D. Tex. Nov. 7, 2016); *NFC Tech.*, 2015 WL 1069111, at *4). "Simplification of the issues depends on whether the PTAB decides to grant the petition." *Id*. (citing *Trover*, 2015 WL 1069179, at *4; *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655-WCB, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014)).

Defendant argues that because the PTAB has instituted IPR trials as to all Asserted Patents on multiple grounds it is very likely that there will be significant simplification by invalidating the asserted claims. (Mot. at 8.) Defendants cite recent statistics that instituted IPRs lead to invalidation of at least one claim in 85.5% of cases and all claims in 67.1% of cases. (*Id*.) Defendant contends from this, the most likely outcome is that all claims are found invalid and the case is dispensed with in its entirety. (*Id*.) Defendants contend that even if not all claims are invalidated, there will still be simplification based on IPR estoppel disposing of many invalidity arguments. (*Id*. at 8-9.)

Plaintiff contends there will be little simplification if even one claim survives the IPRs as the Accused Products are accused of infringing all claims. (Opp. at 10.) Plaintiff challenges Defendant's allegation that the PTAB is likely to invalidate all claims. (*Id*. at 11.) Plaintiff contends that using Defendant's statistics show that there is actually a 70% chance that a claim will survive.[1] (*Id*.) Additionally, Plaintiff notes that one institution decision included a rare dissent which Plaintiff argues shows a particular weakness of that IPR. (*Id*. at 11-12.) Last, Plaintiff contends there will be little simplification if not all claims are invalidated in the IPRs because Defendant has invalidity grounds that will not be impacted by the IPR estoppel. (*Id*. at 12-13.)

The Court finds this factor is fairly neutral. Defendant is correct that there is a possibility that all claims will be invalidated but Plaintiff is also correct there is a significant chance that some claims will

---

[1] Plaintiff contends this value is derived by multiplying .671 by .671 by .671 to reach a 30% chance that all claims of each of the three patents are invalidated. (*Id*.) The Court notes that this calculation is misleading as such a simplistic determination of the probability of multiple events only holds true when the probability of each event is independent of the other such as with a coin flip. Here, the Court finds it unlikely that the outcomes of these IPRs are statistically independent where their subject matter is similar and two of the patents are related.

remain.[2] In that instance, there would be some simplification of this case through the application of IPR estoppel. However, this Court is accustomed to how such instances play out in practice and fully anticipates that Defendants will prepare significant alternative invalidity theories mitigating any simplification on account of IPR estoppel.

### c. Undue Prejudice

Defendant contends Plaintiff will not be unduly prejudiced because Plaintiff itself has already delayed this case and the parties are not competitors such that the Court should withhold a stay. (Mot. at 11-14.) For delay, Defendants note that this case was originally brought in the Southern District of California before being dismissed and refiled here, causing a delay of several months. (*Id*. at 11-12.) In light of Plaintiff's delay, Defendant argues it cannot be credibly claimed any delay caused by a stay would prejudice Plaintiff. (*Id*.) Defendant further claims that the market and Plaintiff's licensing history are such that it is not the case that the parties' relationship should weigh against a stay. (*Id*. at 12-13.) Defendant contends there are a great many market participants, many of whom Defendant has licensed, and because Plaintiff does not face loss of market value curable in this case, there is no undue prejudice. (*Id*. at 13 (citing out-of-circuit cases).)

Plaintiff argues it was diligent in bringing this action, having attempted discussion directly with Defendant before filing in California and then learning more of Defendant's corporate structure and ultimately refiling accordingly. (Opp. at 9.) Plaintiff also argues that Defendant is misleading as to the market players, and that the parties materially compete. (Opp. at 7-10.) Plaintiff contends Samsung makes up more than half of all Plaintiff's sales, and in 2021 Plaintiff's sales were nearly all of Samsung's purchases in the relevant category. (*Id*. at 7-8.) However, Plaintiff contends now its sales only make up less than half of Samsung's purchases, due directly to Defendant's infringement. (*Id*. at 8.) Plaintiff further contends that Defendant's claim of other market participants is misleading as the cited licenses are to competitors of Samsung, not itself. (*Id*. at 10.)

---

[2] While the parties have presented statistics that they treat as giving exact chances, these are highly speculative and it would be improper to blindly apply them to any individual case.

The Court finds this factor weighs significantly against staying this case. The parties concede that they are competitors, Defendant's argument on this point is only that their competition does not result in sufficient undue prejudice to weigh heavily on this factor. The Court does not find this argument availing. While Plaintiff has licensed its patents to other parties, Defendant has not shown that such a practice diminishes the impact on the competition between the parties. In contrast, Plaintiff has identified a specific instance of competition that has a significant impact on Plaintiff's business which is, pending a finding of infringement, directly impacted by the protections provided by the asserted patents. In light of such facts, the Court finds that Plaintiff would be unduly prejudiced by a stay in this case. *See Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009) ("Where the parties are direct competitors, a stay would likely prejudice the non-movant.").

While the Court might otherwise be inclined to grant a stay where Final Written Decisions on all asserted claims are expected very close to trial, the parties being direct competitors relevant to the accused products changes the balancing of factors. Here the Court finds on balance, Defendant has not carried its burden to show a stay is appropriate here. *See Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019)

### IV.    CONCLUSION

For the reasons stated, the Court **DENIES** Defendant's motion to stay.

**SIGNED this 13th day of June, 2024.**

ROY S. PAYNE  
UNITED STATES MAGISTRATE JUDGE